The first case on the calendar is United States v. Matthews, and we have Ms. Glashauser arguing for Mr. Matthews, and I see you reserve two minutes for rebuttal. Thank you, Your Honor. My name is Allegra Glashauser, and I represent Appellant Michael Matthews. May it please the Court. The sentencing court has to explain why the very top of a guideline range is appropriate, especially when that range is vast. It didn't do that here. For Mr. Matthews, a 235-month sentence is effectively a term of life. He's 59 years old and sick. Probation and the government asked for much less time. His almost 20-year sentence is unreasonable and should be vacated. I don't understand why you say that the sentencing judge didn't explain it. You might think the explanation was inadequate or disagree with it, but the sentencing judge said that it had to do with protection of the public by reason of his extensive criminal record, his recidivism, his having given the same talk which the judge regarded as insincere the previous time in order to talk himself into a lighter sentence from which he went straight back into bank robberies. That's an explanation. You may say it's not a sufficient explanation, but it certainly was offered as an explanation. But when the guideline range is large, as it was here, which was 48 months, the court has to explain why it chose a particular point within that range. And that's the statutory requirement of 3553C1. I'm not arguing that the court didn't sufficiently consider the factors under 3553A, but rather that it didn't explain why the top of the guideline range was right. It explained why 60 months was too long. Yeah, under that statute, you have to give the reasons of how you arrived at a particular sentence within the guideline range, but you don't have to, in doing that, you don't have to say, and this is why I didn't give you this amount, and this is why I didn't give you that amount. There is no requirement under the statute. In fact, Judge Nardini, in a decision earlier this year in ROSA, we said this, we have never required a district court to explain in open court why any particular unselected sentence would be inappropriate, and we do not oblige district courts to expressly compare various numbers. So there is no requirement under the statute that if someone argued for a different number, if probation recommended a different number, that you have to then explicitly reference that number and then explain why that number wasn't sufficient. As long as, as Judge LaValle said, as long as the reasons you give are sufficient, whatever number you arrived at, you've satisfied that requirement. That's correct, Your Honor, but here the judge did not explain why 235 months was correct. The judge did explicitly explain why the defense request was incorrect, why it was too low. And so we're not arguing that she didn't do that. I don't understand that argument, though. Ten pages of the transcript is devoted to her explaining how she arrived at that sentence. She went through his criminal history one by one. She went through his failure at drug treatment. She went through the circumstances of the crime that was the current offense, that he broke the arm of an off-duty corrections officer. So there were ten pages of explanations of why she believed the high end of the guideline range was appropriate. Isn't that enough? But no, Your Honor, because she didn't explain why the high end was appropriate. Those ten pages, when you get to the end of them, she says, and that's why I cannot stomach the defense request of 60 months. That was her explanation for why that request was too low. It also satisfied her... She said three or four times in those ten pages, I think you're going to go out and do this again. I have no reason to believe, given your history, that you're not going to go out to do this again. She was clearly trying to protect the public from someone who, notwithstanding his age, was continuing to commit robberies every time he got out. And that would be enough under 3553A. But when the sentencing range is 48 months, more than double the range that requires a more specific explanation under 3553C1, the judge has to explain why the very top of the range is correct. What are you saying about more than double? More than double what? The range that was originally agreed to? No, I apologize, Your Honor. I was being imprecise. The 3553C1 requirement that the judge explained, the specific point within a range, is triggered when the range is at least 24 months, the guideline range. Oh, I see what you mean. Here, the guideline range that the judge found applicable to Mr. Matthews was 48 months. So what should he have said? She should have explained why the very top was correct, not just why. Okay. So she said he's done all these things. He's already been punished for 12 robberies. Now he's coming back for two more. He has not learned anything. He broke the off-duty corrections officer's arm. I'm giving him 235 months, which is at the top of the guideline range. Did she have to say because he did all these things? Is that what you need? Yes, she needs to explain why the top is correct. Why isn't that precisely the kind of robotic incantation, a well-used phrase in our circuit, that we don't require? It's so obvious in this case why she gave him the 235 months, based on everything else she said. Respectfully, Your Honor, I disagree. Both the government and probation were asking for many years less on his sentence. No, we're not talking about them. We're talking about her, the judge, why she gave the sentence she did. Right, Your Honor. So she doesn't explain why the top is appropriate. All the things that she said, which go to a conclusion of why the 60-month sentence is too low, do not then explain why the dramatically higher sentence of 235 months is correct. If we were to remand for procedural error, in addition to relying on the 10 pages that she already said, if she had just added, and so I'm giving you the high end of the range because even though you're 58 years old, and even though this is going to be effectively a life sentence, or close to a life sentence, because you've been committing robberies your whole life, that I need to protect the public for 20 years, because I don't believe you're ever going to stop committing robberies. That would do it? Perhaps, Your Honor, if she recognized that this was an effective life sentence, if she explained why the close to 20 years was right, given and then gone through factors of why it was, yes. But that's not what she did here. Was it pointed out to her by the defendant at sentencing? Your Honor, you need to say more than that. You need to say that those reasons are the reasons why you're giving the particular sentence. Was that pointed out to her? No, Your Honor. The defense did not specifically point out 3553C1 at sentencing, but that is also true in the cases where this court has found that the sentencing explanation when the range is more than 24 months is not enough. For example, in Chartier. In these cases, we're basically reviewing for plain error. You can find plain error. Those other cases found plain error. That's correct, Your Honor. Here, the same is true. The record amply supported the lower sentences that the parties were asking for. Mr. Matthews had demonstrated that he had changed. He didn't just say it. He had been sober for a year. He didn't say, I take responsibility. He admitted guilt immediately. He waived indictment. When he was released from custody accidentally, he returned voluntarily knowing that he faced a very large sentence. Those things demonstrated his change and that there was reason to hope for Mr. Matthews that a life term was not the right thing. The court did not explain its contrary view that a term of life was necessary here. Thank you, Ms. Glashauer. You reserve your two minutes for rebuttal. We'll now hear from the government. Ms. Bensing. May it please the court, Assistant United States Attorney Kayla Bensing on behalf of the United States. Good morning, Your Honors. Ms. Glashauer has argued that the district court here should have explained why the very top of the guidelines range was appropriate. That is exactly what the district court did do in this case through its extremely detailed and thorough review of all of the 3553A factors as well as its addressing of all of the defendant's sentencing arguments. The court should reject the defendant's attempt to ask this court to reweigh the 3553A factors or impose the kind of formulaic, ritualized, or robotic incantations that this court has never prescribed to a sentencing court. So unless there are any further questions, the government will rest and rely on its brief. I think, obviously, the main point that is being made is that I don't think the district court did at any point say the reason I'm giving you the high end of the range versus the low end of the range or anything in between is X, Y, and Z. There was never a specific reference like that. So what's your response to that? Yes, Your Honor. I don't think that any kind of precise or very specific language here is the one sentence summary of why I imposed 235 months is what is required under this court's case law. Even looking at United States v. Reyes, which is a case cited by the defendant and deals with a situation under 3553C where there is more than a 24-month guidelines range at issue, the court noted there that a sentencing court complies with 3553C1 when it includes some particularized discussion of the factors distinctive to the defendant that influence the court's decision, such as the defendant's criminal history, the nature and severity of the offense, and the likelihood of recidivism. And that is precisely what the district court did here. The defense counsel is correct that as a technical matter the court did not say it would be hard to justify the proposition that in the explanations that the court gave it was not merely saying the sentences that are under discussion and that the defendant is advocating are inadequate but was also saying these reasons justify a sentence at the very top or just a shade below the very top of the range. As a technical matter she didn't say that. So it's an issue of plain error and rather than argue merely that there was no error at all I think you should address whether it's plain error. Yes, Your Honor. So as the court well knows plain error has to affect the appellant's substantial rights or seriously and seriously affect the fairness and integrity of the proceedings. And so the issue here, the right that is being vindicated here is an explanation to the defendant, to this court, to the public for why the district court imposed the sentence that it imposed. And here the district court made abundantly clear it's difficult to imagine what more the district court could have said regarding why it imposed the sentence that it did impose given that the district court went through all of the 30 ads. We've identified what the district could have said in so many words. The reasons that I have just explained and given I find justify a sentence of a sentence at the top of the guideline range. It could have said that. That would have made it technically in compliance. So why is it not plain error for the court to have failed to do that? Well, Your Honor, I would note that in Rosa which was cited by Judge Walker, this court has reaffirmed that the district court need not give some formulized, ritualized particular language when it is attempting to comply with 3553C. Here, the defendant's substantial rights were not affected because the district court did go through all of the 3553A factors that justify its imposition of a 235 month sentence which is within the guidelines range, albeit at the high end of the guidelines range. I think that this court has always described imposition of a sentence on a sliding scale. So when the district court goes above the guidelines range, it requires additional explanation. Here it went at the high end of the guidelines range and it did provide a very robust explanation which is all that is required by this court's case law and certainly under plain error review but it's the government's position that under any kind of review the sentence imposed here would be sufficient. Ms. Glashow referred to the arguments in mitigation in terms of his efforts at drug treatment that he self-surrendered when they accidentally released him but my memory was that the district court actually did address those things in those 10 pages when she explained her sentence. Weren't those things addressed in her decision? Yes. Yes, Your Honor they were and this is at appendix 103-104. The district court noted specifically that she did not know what was in the defendant's mind when he self-surrendered and that it would have been far worse for the defendant had he not done so. He knew that this was something that he had to deal with and I think ultimately the court determined that it didn't need to decide precisely what was in the defendant's mind because of all of the other arguments in the sentence and in particular here the need for the safety of the community. And there was reference to the drug treatment as well, right? Yes. Yes, there was, Your Honor. All right. Are you resting on your papers then? Yes, I am. Thank you very much. All right, Ms. Glashow, sir, you have two minutes in rebuttal. Thank you, Your Honor. To respond to Judge Leval's questions about plain error and whether wasn't this a technical error, it wasn't. The court's explanation here about why five years was inappropriate, which he went into at length, describing 3553A factors is not the same as explaining why 14 years longer was correct under 3553C1. 14 years of his life is not a technical error. That is a substantial injustice and that is plain error. This isn't a technical mistake. Which case would you cite? I know you cite the statute, 3553C, but which case have we decided where you say it is error if the district court does not reference some lower amount, either the low end of the guideline range or what was being argued, doesn't specifically reference that and refute it for why it's not sufficient. Which case would you cite for that? I'm not saying she should have refuted something else. She actually did that piece. She refuted why a lower sentence wasn't correct. She has to say why the higher one is. Which case would you cite for that then? US v. Reyes, which Ms. Bensing just mentioned, says it is not enough for the court to explain the bottom of the range isn't enough without also explaining why it is sentencing at the top of that range. So that's what we're arguing here, particularly when the range is so large. That's what the cases Reyes and Chartier both say. With respect to his actual factors, what the court said also was not an assessment of who Mr. Matthews was when the court saw him at sentencing. The court speculated about things that happened well in the past, speculated that past sentences were too short, even though there wasn't evidence that was true. It speculated about his crime not being related to his then addiction, even though the evidence was that it was directly related to his addiction. And then she didn't look at the fact that when he appeared before the court, he had one year of sobriety, which was very significant for Mr. Matthews after a decades-long history of non-sobriety, of a serious addiction history. He was different. He was sober. He had returned to court after being released, showing that he could continue sobriety, even when let out, unexpectedly, which would have been, to many people, a great chance to do something even worse, right? To flee. He came back, and he did exactly what he was supposed to do. The man that Mr. Matthews was at sentencing was someone that was almost 60 years old with heart disease, severe anxiety from abuse, and someone in debilitating pain. The judge didn't consider who he was at sentencing in deciding that an effective life term was correct. The record doesn't support that decision. Right. I thought that when the in turning the focus to the plain error as opposed to whether it was an error, if the focus is on plain error, I would have thought the government would have argued about how extensive his prior record was, how bad his prior record was, how justified the court would be in imposing a sentence at the top of the guideline range for the protection of society in view of the extensive recidivism, even aggravated form, and the defendant's violence towards the officer who tried to stop him at his last bank robbery. Instead, the government argued again that it simply wasn't an error. But what do you say to that? You've pointed out the ameliorating factors, but what do you say in response to the factors that would say this is no miscarriage of justice. This is somebody getting a perfectly appropriate sentence in view of the danger that he represents to society, even if his lawyer can find some things to say that might mean that he's cured himself, it might mean that he doesn't represent such a threat. He said those things last time and then continued as before. What answers that this is no miscarriage of justice, this is a perfectly appropriate sentence? Your Honor, what he did before was different than who he presented, who he demonstrated he was at sentencing. That was what was different from before. The government doesn't point to those factors because the government also believed a lower sentence was appropriate here. The government asked for 151 months to 188 months, and probation asked for 180, many years below what the court ultimately gave. I believe that both of those parties reached that decision with reason, because Mr. Matthews had demonstrated that he was sober, that wasn't disputed, everyone agreed he had been sober for a year after a lifelong addiction history, that he was taking responsibility, not just pleading guilty very quickly, admitting guilt quickly, pleading guilt quickly, even waiving indictment, and then returning after being released to the street accidentally, just returning to court. Those things showed that Mr. Matthews was not somebody that the court should give up on and just put away for the rest of his life. Nothing about the robberies here indicated that a life term was appropriate. There were some aggravating factors, but that is true in many, many other robberies that received much lower sentences. Nothing about this one indicated that a life term was appropriate. I think your time is up. Thank you. Both will reserve decision. Thank you. Have a good day. Thank you, Your Honors.